## George W. Carne v. Eunice S. Hall.

Where verdict had been rendered for plaintiff for $5,000 in an action for breach of promise of marriage, and, on motion being made for a new trial, the circuit court had made an order granting it, unless plaintiff reduced the damages to $2,000, which was done; and defendant, nearly two years thereafter, brought error, but neglected to procure return to the writ in time, — *Held*, on motion to dismiss the case for want of prosecution, that in the absence of valid excuse for delay, the case did not call for indulgence on other grounds.

A neglect to procure a return is not sufficiently excused by affidavits which state that the counsel expected the clerk to make it, but show no request to the clerk to do so, and no interview with him on the subject.

*Heard October 12th.    Decided October 13th.*

Error to Wayne Circuit.

*D. B. Duffield* moved to dismiss the writ of error for want of prosecution.

From the papers it appears that action was brought in the court below, by Hall against Carne, for breach of promise of marriage, and verdict rendered for plaintiff for $5,000; that a motion was made by defendant to set aside this verdict, and for a new trial, and that the court made an order granting the motion unless plaintiff would consent to reduce the damages to $2,000; that plaintiff assented to such reduction, and a remittitur was entered accordingly, the attorney for defendant drafting the order to be entered for that purpose; that judgment below was entered May 9, 1857, for the $2,000; that a bill of exceptions was prepared on behalf of defendant, settled by the judge, and filed May 18, 1857, and writ of error sued out May 7, 1859, returnable June 7, 1859. No return had been made to the writ of error, but the same remained in the hands of the clerk.

To excuse the delay that had occurred, the acting attorney for Carne made affidavit, that no execution had been issued in the case; that the deponent had only taken charge of the case within the last year, after the removal to Chicago of Mr. S. A. Goodwin, who had acted for defendant in the

court below, and that his taking charge of it was in the expectation that Mr. Goodwin would continue to take an interest in the case; that he supposed Mr. Goodwin had made arrangements to have return made to the writ; that the deponent had had many conversations with Mr. Gray, one of the attorneys of Hall, in which the deponent proposed to have the verdict set aside and a new trial, and that Mr. Gray gave him to understand that this would be done, provided the cause should be tried for Carne by the same counsel as before; that the deponent relied upon this or some other arrangement being made, and therefore suffered the matter to remain, expecting reasonable notice if it was desired by the counsel for Hall that the case should be prosecuted in error. He further stated, that the clerk of the circuit court had, without any authority from him or from Mr. Goodwin, neglected or declined to make return to the writ of error, only because no arrangement had been made to pay him his fees, and that deponent had but just learned this fact—that he should have attended to the matter before, but he supposed return had been made.

*T. Romeyn* for plaintiff in error, opposed the motion, offering to stipulate to procure an immediate return to the writ of error, and to place the cause upon the docket for hearing at this term.

BY THE COURT:

We think this motion should be granted. The affidavit presented on behalf of defendant gives no valid excuse for the delay. It does not show any interview had with the clerk since the issuing of the writ of error, or that he had ever been requested to make a return; but on the contrary shows affirmatively, that plaintiff's counsel had not designed to prosecute the case in error, until notified by the opposite side; relying, as is stated, upon some understanding. The affidavit we look upon as evasive, and in the absence of a

CARNE v. HALL.

showing of good excuse for the delay, the circumstances do not call for indulgence on other grounds.

*Motion granted.*